IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AASIM IBN-WILLIE NASH** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-1610 |
| | : | |
| **PHILA. PUBLIC DEFENDERS ASSOCIATION** | : | |
| | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                       MAY 3, 2023

This matter comes before the Court by way of a Complaint (ECF No. 2) brought by Plaintiff Aasim Ibn-Willie Nash against the "Phila. Public Defenders Association." Also before the Court is Nash's Motion to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Nash leave to proceed *in forma pauperis* and will dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS AND PRIOR LITIGATION**[1]

The allegations in Nash's Complaint are sparse. The Complaint implies that at times, between 2020 and 2023, attorneys employed by the Philadelphia Public Defender's Association were appointed to represent him in a case or cases in state court. (Compl. at 4.)[2] As the basis for his claims, Nash alleges that the Philadelphia Public Defender's Association "didn't let [him] do pro-se or waiver" in those cases even though he was competent to represent himself. (*Id.*) By marking the locations on the form complaint he used to prepare his pleading, Nash indicates that

---

[1]     The following factual allegations are taken from Nash's Complaint and public records of which the Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2]     The Court adopts the pagination supplied by the CM/ECF docketing system.

he brings this case pursuant to the Court's diversity jurisdiction. (*Id.* at 3.) He seeks $40 million and a "full discharge." (*Id.* at 5.)

In February 2022, more than a year prior to filing the instant civil action, Nash filed a case against the Philadelphia Public Defender's Association and, possibly, a public defender who represented him. *Nash v. Phila. Pub. Defs. Assoc.*, No. 22-0524, 2022 WL 605442, at *1 (E.D. Pa. Mar. 1, 2022). He raised claims pursuant to 42 U.S.C. § 1983 based on an alleged "violation of waiver for counsel rights that occurred in 2020," in connection with the public defender's representation. *Id.* (internal quotations and alteration omitted). After granting Nash leave to proceed *in forma pauperis*, the Court dismissed with prejudice his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on the basis that neither the public defender nor the Philadelphia Public Defender's Association were state actors for purposes of § 1983. *Id.* at *2. The Court also noted that, although Nash did not seek release from the facility where he was civilly detained, "if he did, any such request would have to be raised in a petition for a writ of *habeas corpus*, rather than in a § 1983 action."[3] *Id.* at *1 n.1. Nash filed numerous meritless "post trial" motions in his civil case and was ultimately enjoined from submitting further filings in that matter. *Nash v. Phila. Public Defenders Assoc.*, Civ. A. No. 22-524 (E.D. Pa.) (ECF No. 28). Nash presumably brought his instant Complaint pursuant to the Court's diversity jurisdiction because his prior civil rights action failed.

**II.    STANDARD OF REVIEW**

The Court will grant Nash leave to proceed *in forma pauperis* because it appears that he is incapable of paying the necessary fees to commence this civil action. Accordingly, 28 U.S.C. §

---

[3]    It appears that Nash is still detained at the same residential treatment facility in Philadelphia where he was detained at the time he filed his prior case. https://www.newvitaewellness.com/mental-health-treatment-center-locations/philadelphia-residential-treatment-facilities/ (last accessed May 1, 2023).

1915(e)(2)(B) requires the court to screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

### III.    DISCUSSION

Nash's Complaint is best construed as raising state law claims pursuant to the court's diversity jurisdiction.[4] (*See* Compl. at 3.) District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled,

---

[4]      There is no indication that Nash intends to bring federal claims in this case.

meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Here, Nash indicates that both he and the Philadelphia Public Defender's Association are citizens of Pennsylvania. (Compl. at 3.) Because complete diversity is lacking in this case, there is no basis for the Court to exercise jurisdiction over Nash's claims. Accordingly, the Court will dismiss Nash's Complaint for lack of jurisdiction without prejudice to him refiling those claims in an appropriate state court if he chooses to do so.[5]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Nash leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction. Further, this Court concludes that any amendment would be futile because Nash cannot cure the jurisdictional deficiency in his Complaint. An Order follows, which dismisses this case.

*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[5] The Court expresses no opinion on the merits of any such claims.